IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARAA SNEAD,<br><br>*Plaintiff*,<br><br>v.<br><br>STEPHANY DADE,<br><br>*Defendant*. | Civil No.: 1:24-cv-01799-JRR |

### MEMORANDUM OPINION

Pending before the court is Defendant's Motion to Dismiss Complaint. (ECF No. 8; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

I.   **BACKGROUND**[1]

On June 20, 2024, on the basis of federal question jurisdiction, *pro se* Plaintiff Sharaa Snead initiated this action against Defendant Stephany Dade, whom Plaintiff identifies as "Appeal Representative." (ECF No. 1 at p. 2; the "Complaint.") Plaintiff's allegations are brief; she asserts she was "wrongfully denied help by the State . . . because I have a disabled child. Now our lights are off." *Id.* at pp. 4, 6. Plaintiff seeks injunctive relief "to stop the harassment." *Id.* at p. 7. In response to the Complaint, Defendant filed the Motion to which Plaintiff did not respond.

II.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). "Rule 12(b)(1) of

---

[1] For purposes of resolving the pending Motion which mounts a facial challenge to the court's exercise of subject matter jurisdiction, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024).

the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is thus "no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). To the contrary, "[a] court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original). As such, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189–90 (1936); *Dracos v. Hellenic Lines Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)); *see Nidy v. U. S. Bancorp Gov't Leasing & Fin., Inc. as Tr. for benefit of holders of COMM 2013-CCRE12 Mortg. Tr. Com. Mortg. Pass-Through Certificates*, No. 19-1759, 2022 WL 2128837, at *1 (4th Cir. June 14, 2022) (same).

### III.   ANALYSIS

Although the Complaint identifies the basis of this court's jurisdiction as "federal question," Plaintiff does not offer a "short and plain statement of the grounds for the court's jurisdiction." *See* FED. R. CIV. P. 8(a)(1). Stated differently, Plaintiff identifies no specific basis for this court's exercise of federal question jurisdiction, nor does she allege that this case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Nidy*, 2022 WL 2128837, at *1 (explaining that "[t]he complaint in *Nidy* does not comply with Rule 8. It does not identify any specific basis for federal jurisdiction, and there is nothing in it to suggest this case 'aris[es] under the Constitution, laws, or treaties of the United States." (quoting 28 U.S.C. § 1331)).

While the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers, *see Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), such liberal construction does not absolve Plaintiff from pleading a basis for this court's jurisdiction. This court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). This is especially true here, where Plaintiff does not oppose Defendant's challenge to jurisdiction.

For the foregoing reasons, the court will grant the Motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[2]

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, Defendant's Motion (ECF No. 8) will be granted.

Date: January 8, 2025

/s/
Julie R. Rubin
United States District Judge

---

[2] Because Plaintiff alleges no jurisdictional facts, the court does not reach Defendant's argument regarding Eleventh Amendment immunity (which is effectively an affirmative defense). *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014).